IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROBERT IVAN MASK,** | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 7:18-CV-00183-HL-TQL |
| **Sheriff MIKE DEWEY,** *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## ORDER

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Robert Ivan Mask, an inmate presently incarcerated at the United States Penitentiary in Lompoc, California, has paid the required initial partial filing fee. A review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A, however, reveals that Plaintiff has failed to state a claim upon which relief may be granted with respect his claims against Defendants. This action is therefore **DISMISSED without prejudice.**

### PRELIMINARY SCREENING

**I.  Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.

*Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his March 17, 2018 arrest in Brooks County, Georgia. Compl. 5, ECF No. 1. Plaintiff alleges that on that date, he was pulled over by a Brooks County Sheriff's Department deputy and detained. *Id.* Deputies searched Plaintiff's vehicle, a rental car, and found "drug related items." *Id.* Plaintiff was therefore arrested and transported to the Brooks County Sheriff's Office. *Id.* Plaintiff states that his "vehicle was inventoried and turned over to [Defendant] Troupville Wrecker service." *Id.* At the time Plaintiff left the scene, he avers that "[t]here was no reported damage to [his] vehicle." *See id.* After the vehicle was impounded, however, "severe damage occurred" to the rental vehicle's headliner, carpet, and door panels, among other things. *Id.* at 6. Plaintiff was charged $1667.00 for this damage. *Id.* In addition, Plaintiff states that while he was at the Brooks County Sheriff's Department, deputies seized his personal property including his wallet, clothes, and phone as well as $1416.00 in cash, jewelry valued at $12,000.00, and "over $7500.00 worth of newly purchased property." *Id.* Plaintiff states the majority of this property was not returned to him; he received only his "empty wallet and a few small

3

pieces of jewelry." *Id.* Plaintiff contends that Defendants violated his constitutional rights by improperly seizing and/or damaging his property. As a result of these alleged constitutional violations, Plaintiff seeks "the return of these items and/or reimbursement in the amount of $25,000.00." *Id.* at 7.

Plaintiff attempts to raise a due process claim in this action. *See* Compl. 6, ECF No. 1 ("My 5th and 14th amendment right to due process of law have been violated."). But "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.*; *see also Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (per curiam). Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to him. Thus, any claims regarding the seizure of or damage to Plaintiff's personal property must be **DISMISSED without prejudice.**

### III. Conclusion

For the foregoing reasons, Plaintiff's Complaint, as pleaded, fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's claims against Defendants are **DISMISSED without prejudice.**

**SO ORDERED**, this 26th day of March, 2019.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE